IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03003-WYD-CBS

MARK HAMILTON,
    Plaintiff,
v.

MERIT ENERGY COMPANY,
    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on Merit Energy Company's ("Merit") "Renewal of Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(6) ("Renewed Motion") (doc. #17), filed on April 29, 2011. Pursuant to the Order of Reference dated December 15, 2010 (doc. #4), this matter was referred to the Magistrate Judge. The court has reviewed the Renewed Motion, Merit's earlier Motion to Dismiss (doc. #9), filed on January 28, 2011, Mr. Hamilton's February 17, 2011 "Motion in Response to Defendant's Motion to Dismiss" ("Response") (doc. #14), the entire case file, and the applicable law, and is sufficiently advised in the premises. For the following reasons, this court recommends that Defendant Merit's Renewed Motion be granted.

## PROCEDURAL HISTORY

    Mr. Hamilton initiated this civil action in his *pro se* capacity with the filing of a Complaint (doc. #1) on December 13, 2010. The exact legal theory underlying Mr. Hamilton's action is unclear. Plaintiff's First Claim for Relief does not set forth a specific cause of action; it merely asks the reader to "See Attached" and refers to two letters. The first letter is from Mr.

1

Hamilton to Merit dated March 14, 2008, in which Mr. Hamilton contends that an unspecified "Land Patent" was updated and that he is entitled to "100% of all mineral rights." The second letter is a reply from Defendant dated March 26, 2008, stating that Merit was "having trouble understanding several concepts" in Mr. Hamilton's letter and suggesting that the "Land Patent" referenced by Mr. Hamilton was a "meaningless unilateral patent."

Mr. Hamilton's Second Claim for Relief alleges Defendant violated a contractual obligation. However, there is no description of the contract at issue or the specific breach that allegedly occurred. Mr. Hamilton merely contends that as a result of this breach, the contact became null and void. Consequently, Plaintiff posted "No Trespassing Signs" presumably on the subject property. Plaintiff further asserts that Defendant's actions resulted in an unspecified "Environmental problem."

Mr. Hamilton's allegations appear to be premised on property ownership purportedly derived from a land patent. In his Response, Plaintiff clarified that he filed a "Declaration of Land Patent" that purported to supersede any conveyance of mineral rights to Merit by warranty deed. Although Mr. Hamilton does not include a prayer for relief in his Complaint, his Response suggests that all previous conveyances of mineral interests are nullified by virtue of his "Declaration of Land Patent," thereby entitling him to future royalties on mineral production from Defendant's wells.

Merit initially filed a Motion to Dismiss (doc. #9) on January 28, 2011. Defendant argued that the Complaint contains no factual allegations regarding any dispute between the parties and no viable claims for relief. On March 16, 2011, I held a preliminary Rule 16(b) Scheduling Conference during which the court suggested to Mr. Hamilton that the original

Complaint was problematic. The court attempted to elicit some clarification from Mr. Hamilton with respect to the legal theories he was asserting and the factual basis for his claims, however, Plaintiff's responses were not particularly enlightening. At the conclusion of the preliminary scheduling conference (*see* doc. #15), I granted Mr. Hamilton's oral motion for leave to file an Amended Complaint on or before April 15, 2011. When Plaintiff failed to file an Amended Complaint, Defendant filed its Renewal of Motion to Dismiss (doc. #17). By a Minute Order dated April 29, 2011, the court notified Mr. Hamilton of Defendant's Renewed Motion and directed him to file a response on or before May 20, 2011. To date, Plaintiff has not responded to Defendant's Renewal of Motion to Dismiss. Out of an abundance of caution, the court will presume that Mr. Hamilton would, at the very least, wish to restate the arguments advanced in his Response to the original Motion to Dismiss.

In researching the present case, the court learned that Mr. Hamilton commenced an earlier suit in Weld County District Court. *See Hamilton v. Noble Energy*, 220 P.3d 1010, 1012 (Colo. App. 2009). In that case, it appears that Mark Hamilton, along with Melvin Hamilton, filed a "Declaration of Land Patent" with the Weld County Clerk and Recorder and subsequently claimed to be the sole owners of mineral interests leased by Noble Energy, Inc. Melvin and Marlene Hamilton acquired real property in September 1980 by warranty deed, subject to certain enumerated reservations, including a fractional interest in the oil and mineral rights in the property which were currently leased by Noble Energy, Inc. *Id*. at 1011. Mark Hamilton subsequently acquired his interest in the property by quitclaim deed. Apparently, Mark Hamilton then sent a letter to Noble Energy, Inc. stating "that plaintiffs were now the sole owners of the mineral interests leased by defendant, and informing defendant that if it did not

respond within ten days, "No Trespassing" signs would be posed and enforced." *Id.* In the subsequent state action, Mark Hamilton argued that he and his family had "absolute title" to the subject mineral interests by virtue of their "Declaration of Land Patent" which purportedly "nullified all previous conveyances and reservations of the mineral interests and entitled [plaintiffs] to all future royalties on oil and gas production from defendant's wells." *Id.* at 1012. In dismissing Mr. Hamilton's complaint the Weld County District Court held the filing of a land patent had no effect on existing mineral interests leased by Noble Energy, Inc. *Id.*

On appeal, Mr. Hamilton argued without success that because title to the subject property had been conveyed from the federal government in 1875, the state of Colorado had no authority to allow subsequent encumbrances on that title and that only a land patent could convey "perfect title" to the mineral interests in question. The Colorado Court of Appeals rejected that argument, explaining that "[a]s with any other piece of real property, real property conveyed by the federal government via land patent can be conveyed and burdened by subsequent interests, such as a reservation of mineral interests, by a party otherwise conveying all surface rights, or a lease of the same." *Id.* at 1013. The appellate court concluded that "plaintiffs' claim that their 'Declaration of Land Patent' divests record owners of valuable mineral interests . . . is not supported by a plausible argument and is wholly lacking in rational justification." *Id.* at 1014.

## ANALYSIS

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Complaint in this action fails to state a claim for relief. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). When assessing whether a complaint states a claim that is legally

sufficient, the Tenth Circuit follows the standard of review enunciated by the Supreme Court in

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).

> In conducting our review, we assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff. And until recently, we have only affirmed a dismissal where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. However, the Supreme Court recently. . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains enough facts to state a claim to relief that is plausible on its face. The Court explained that a plaintiff must nudge claims across the line from conceivable to plausible in order to survive a motion to dismiss.

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal quotation marks and citations omitted).

> If the complaint is sufficiently devoid of facts necessary to establish liability. . . a court must conclude that plaintiffs have not nudged their claim across the line from conceivable to plausible. . . Thus, [d]espite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

*Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (internal quotation marks and citations omitted).

Because Mr. Hamilton appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Nevertheless, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not act as an advocate for a *pro se* litigant. *Id.*

I also acknowledge that "a district court may not grant a motion to dismiss for failure to

state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178.

Mr. Hamilton's Complaint fails to set forth, either directly or inferentially, the elements necessary to sustain a recovery under any viable legal theory. First, Mr. Hamilton's conclusory assertion that his "Declaration of Land Patent" supersedes all conveyances of mineral interests appears to advance a legal theory that heretofore has been soundly rejected. *Hamilton*, 220 P.3d at 1014. More to the point, the Complaint fails to present any factual underpinnings for that theory. Second, Mr. Hamilton's allegation that "Merit Energy Company violated the contract" is a legal conclusion unsupported by the necessary elements of a breach of contract claim. The Complaint is devoid of factual averments identifying the existence of a contract, terms of that contract, or the parties involved. Similarly, Mr. Hamilton's allegation of an "Environmental problem" fails to describe the nature of the problem, much less explain how that problem constitutes a violation of any applicable law. In short, Mr. Hamilton has not presented any factual allegations or legal contentions that would nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss. Thus, Mr. Hamilton does not state a claim for relief sufficient to survive challenge under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Having reviewed the Complaint and the arguments advanced by the parties, the court concludes that Defendant's Renewal of Motion to Dismiss should be granted. The Complaint

lacks sufficient well-pled facts and allegations to satisfy Rule 8 or defeat a motion to dismiss under Rule 12(b)(6). Accordingly, IT IS RECOMMENDED that "Defendant's Renewal of Motion to Dismiss" (filed April 29, 2011) (Doc. # 17) be GRANTED and this civil action be dismissed based on failure to state a claim upon which relief can be granted.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United State v. One Parcel of Real Property Known as 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th

Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of September, 2011.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge